IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**DAVID JOHN BROUSSARD,**

    **Plaintiff, on his own behalf,
and for all those similarly
situated pursuant to
29 U.S.C. § 216(b),**

**Civil Action No:** 7:19cv841

v.

**ELDOR AUTOMOTIVE
POWERTRAIN USA,**

**Serve:**
CT Corporation System, Registered Agent
4701 Cox Road, Suite 285
Glen Allen, VA 23060

    **Defendant.**

## COMPLAINT

The above-named Plaintiff, David John Broussard (hereinafter, "Mr. Broussard" or "the Representative Plaintiff"), by counsel, states as his Complaint against Defendant, ELDOR Automotive Powertrain USA (hereinafter, "ELDOR" or "Defendant"), the following:

### I. JURISDICTION

Pursuant to the enforcement mechanisms of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter, "FLSA"), the Representative Plaintiff brings this action on behalf of himself as well as all those similarly situated (hereinafter, "Collective Action Members"). This Court has jurisdiction over this matter as it arises from the federal questions presented by the FLSA, as codified under 29 U.S.C. §§ 206, 207 and 216; *see also* Title 28 U.S.C. §§ 1331, 1337, 2201, and 2202. The

FLSA allows employees to initiate legal actions for themselves and on behalf of similarly situated others. Specifically, the statute authorizes "one or more employees" to initiate a suit "for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); s*ee also Smith v. Central Security Bureau, Inc.*, 231 F. Supp. 2d 455, 461 (W.D. Va. 2002) (noting that the United States Court of Appeals for the Fourth Circuit has never expressly foreclosed the possibility that a plaintiff or group of plaintiffs could bring an action in dual individual and collective capacities, so long as the complaint clearly has put the employer and the court on notice of such).

Venue is proper in this Court. A substantial part of the acts and/or omissions of Defendant from which the causes of action arise, occurred within the Western District of Virginia. *See* 28 U.S.C. § 1391(b). Specifically, the Representative Plaintiff resided and worked in and near Daleville, Virginia during his employment with Defendant.

## II. THE PARTIES

1. The Representative Plaintiff and Collective Action Members are all either current or former ELDOR "Process Engineers". Process Engineers are responsible for developing and supporting a production line for three eight-hour workday shifts at ELDOR's Daleville, Virginia manufacturing facility.

2. ELDOR Process Engineers are paid a fixed annual salary, and are not paid, nor eligible for, any additional compensation, including overtime compensation.

3. The Representative Plaintiff and Collective Action Members, at all times relevant to the Complaint, were "employees" of ELDOR, as that term is defined in 29 U.S.C. § 203(e)(1).

4. The Representative Plaintiff has worked as a Process Engineer for ELDOR since on or about September 8, 2017. His decision to opt-in to this collective action is

evinced by **EXHIBIT A** hereto.

5. ELDOR, a Delaware-incorporated subsidiary of Italy-based automotive manufacturer Eldor Corporation S.p.A., is a diversified automotive manufacturer, supplying ignition systems, electronic control units, full systems for hybrid and electric vehicles and e-mobility solutions globally.

6. ELDOR maintains its North American manufacturing headquarters in Daleville, Virginia.

7. At all times relevant to the Complaint, ELDOR was an "enterprise engaged in the commerce or the production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1).

8. At all times relevant to the Complaint, ELDOR was an "employer" of the Representative Plaintiff, as that term is defined in 29 U.S.C. § 203(d) and bound to comply with FLSA wage and overtime compensation requirements.

### III. FACTUAL BACKGROUND

9. At all times relevant to the Complaint, ELDOR violated the FLSA in two ways:

   A) ELDOR knowingly and improperly misclassified the Representative Plaintiff and Collective Action Members as exempt "professional" or "administrative" employees pursuant to the FLSA; and

   B) The Representative Plaintiff and Collective Action Members were entitled to overtime wages, but due to their improper misclassification, ELDOR failed to appropriately compensate the Representative Plaintiff and Collective Action Members.

10. ELDOR Process Engineers routinely work more than 50 hours a week, are

asked to work extra shifts, and are required to be "on call" 24 hours a day, seven days a week, to answer service calls and work additional overtime hours, in addition to their scheduled 40 hour work week at ELDOR's Daleville manufacturing facility.

11. ELDOR Process Engineers are not compensated for any work performed beyond their scheduled 40-hour work week, including any work performed as a result of off-hours service calls, which can occur at any time during a 24-hour period.

12. Upon information and belief, ELDOR knowingly and in bad faith has improperly classified Process Engineers as either "professional" or "administrative" employees who are exempt from the overtime pay requirements of the FLSA. The actual job duties of the Process Engineers do not support either of these exemptions.

13. As it relates to the improper "professional" exemption, Process Engineers are not required to have knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instructions. Indeed, in practice, Process Engineers are not required to possess engineering or equivalent degrees or experience.

14. As it relates to the improper "administrative" exemption, the primary duties of Process Engineers do not include the performance of "office" work related to the management or general business operations of the employer, nor do the Process Engineers exercise discretion and independent judgment with respect to matters of significance.

15. Specifically, although ELDOR Process Engineers maintain an "engineer" title, Process Engineers working for ELDOR do not hold engineering degrees, nor do they perform specific engineering work.

16. Indeed, although ELDOR's Process Engineer job profile requires that

successful applicants have an Engineering Bachelor's degree or an Associate degree with equivalent experience, in practice, ELDOR Process Engineers, including the Representative Plaintiff, do not hold such degrees, and have little to no supervisory or decision making authority in their role at the manufacturing facility.

17. Rather, the day-to-day job responsibilities of an ELDOR Process Engineer are effectively interchangeable with the job responsibilities of an ELDOR "Technician", a position ELDOR has classified as non-exempt, and, thus eligible for overtime compensation.

18. However, ELDOR Technicians are not required to be "on call".

19. Upon information and belief, ELDOR requires its similarly situated Process Engineers, who are misclassified as exempt from FLSA overtime pay requirements, to perform unpaid overtime work in a concerted effort to avoid paying its employees earned overtime compensation.

20. Of note, the Representative Plaintiff, on two separate occasions, discussed his concerns about unpaid overtime work and ELDOR's misclassification of its Process Engineers to ELDOR's former Human Resources Director Bridget Farmer and Plant Manager Fabio Pisconi, but his concerns were never meaningfully addressed by ELDOR.

21. Accordingly, Process Engineers remain improperly classified as exempt employees, and do not receive the significant overtime compensation to which they are entitled.

# COUNT I: CLAIM FOR VIOLATION OF THE FLSA

## Misclassification

22. The Representative Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

23. Upon information and belief, ELDOR knowingly and in bad faith has improperly classified Process Engineers as either "professional" or "administrative" employees who are exempt from the overtime pay requirements of the FLSA.

24. The actual job duties and qualifications of ELDOR Process Engineers do not support either of these exemptions.

25. Accordingly, the Representative Plaintiff and Collective Action Members are not classified properly as exempt employees.

26. At all times relevant to the Complaint, ELDOR was fully aware of the exemption requirements of the FLSA and knew or should have known that the Representative Plaintiff and Collective Action Members did not qualify for any exemption from these requirements.

27. ELDOR willfully and unlawfully ignored the exemption requirements of the FLSA.

28. ELDOR cannot show that its violations of the FLSA were in good faith and that it has reasonable grounds for believing that its ongoing acts or omissions were not violations of the FLSA.

29. As used herein, "willful" is meant in accordance with 29 U.S.C. § 255(a), and "good faith" and "reasonable grounds" is meant in accordance with 29 U.S.C. § 260.

30. ELDOR is liable under the FLSA to the Representative Plaintiff and Collective Action Members for actual and liquidated damages for its willful and bad faith

misclassification as described above.

## COUNT II: CLAIM FOR VIOLATION OF THE FLSA

### Failure to Pay Overtime

31. The Representative Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

32. At all times relevant to the Complaint, the Representative Plaintiff and Collective Action Members were not compensated for any work performed beyond their scheduled 40-hour work week, including, but not limited to, any work performed as a result of extra shifts and/or off-hours service calls.

33. The Representative Plaintiff and Collective Action Members regularly work more than 40 hours per week for ELDOR.

34. The Representative Plaintiff and Collective Action Members were not exempt from the overtime compensation requirements of the FLSA.

35. Under the FLSA, ELDOR was required to compensate the Representative Plaintiff and Collective Action Members at the appropriate rate of overtime pay for each hour over forty (40) they worked in a week for all job-related services provided to ELDOR.

36. ELDOR, acting in bad faith, refused to compensate the Representative Plaintiff and Collective Action Members at the overtime rate mandated by the FLSA and refused to pay for work performed for each hour over forty (40) ELDOR Process Engineers worked in a week.

37. At all times relevant to the Complaint, ELDOR was fully aware of the overtime compensation requirements of the FLSA and knew or should have known that the Representative Plaintiff and Collective Action Members did not qualify for any

exemption from these requirements.

38. ELDOR willfully and unlawfully misclassified the Representative Plaintiff and Collective Action Members as exempt employees in order to avoid the overtime compensation requirements of the FLSA.

39. ELDOR cannot show that its ongoing violations of the FLSA were in good faith or that it has reasonable grounds for believing that its acts or omissions were not violations of the FLSA.

40. As used herein, "willful" is meant in accordance with 29 U.S.C. § 255(a), and "good faith" and "reasonable grounds" is meant in accordance with 29 U.S.C. § 260.

41. ELDOR is liable under the FLSA to the Representative Plaintiff and Collective Action Members for actual and liquidated damages for its willful and bad faith failure to pay overtime as described above.

WHEREFORE, the Representative Plaintiff, David John Broussard, and Collective Action Members respectfully request the following relief from the Court:

A. That the Court certify this matter as an opt-in collective action pursuant to 29 U.S.C. § 216(b);

B. That the Court grant declaratory judgment that ELDOR violated the FLSA;

C. That the Court enjoin ELDOR from further violations of the FLSA pursuant to 29 U.S.C. § 217;

D. That the Court order ELDOR to pay the Representative Plaintiff and Collective Action Members compensatory and actual damages and an equal amount of liquidated damages as provided by the FLSA;

E. That the Court award reasonable attorneys' fees and costs as provided by the

FLSA;

F.  That the Court award prejudgment and post-judgment interest; and

G.  That the Court award such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

**DAVID JOHN BROUSSARD**,

Plaintiff, on his own behalf, and for
all those similarly situated pursuant to
29 U.S.C. § 216(b)

/s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*