IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DAVID JOHN BROUSSARD,

    Plaintiff, on his own behalf,
and for all those similarly
situated pursuant to
29 U.S.C. § 216(b),

v.

                              Civil Action No: 7:19-cv-0841-MFU

ELDOR AUTOMOTIVE
POWERTRAIN USA,

    Defendant.

## JOINT STIPULATION OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

COME NOW Plaintiff David John Broussard and Opt-in Plaintiffs, Jamie Saunders and Jacob Walker (collectively, "Plaintiffs") and Defendant Eldor Automotive Powertrain USA ("Eldor" or "Defendant"), each by their respective counsel, and stipulate that this matter has been settled and hereby request the dismissal with prejudice of this matter pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

Because this matter was brought under the FLSA, the parties must seek this Court's approval of their settlement as fair, just, and adequate under the FLSA pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.3d 1350 (11th Cir. 1982). Therefore, due to both the limited size of the collective and attendant settlement, rather than execute a private settlement agreement the parties provide the complete terms of settlement herein and request the Court's approval of those terms and for this matter to be dismissed with prejudice.

## STIPULATED FACTUAL SUMMARY

Mr. Broussard filed suit pursuant to the FLSA on or about December 13, 2020 alleging that he and others similarly situated were misclassified as exempt employees by Eldor and were owed back wages and liquidated damages for unpaid overtime. *See* Doc. [1]. Mr. Saunders subsequently opted into the case on January 22, 2020. On February 12, 2020, the Defendant filed its Answer denying liability and averring multiple affirmative defenses. *See* Doc. [4]. On or about October 1, 2020, the parties filed a Joint Motion for Conditional Certification. *See* Doc. [14]. Notice was then sent on October 29, 2020 to a group of putative Plaintiffs totaling only seven (7). Mr. Walker opted into the case on November 17, 2020.

The parties have remained in contact throughout this litigation regarding the possibility of resolution and were able to reach a settlement as to the claims of Mr. Broussard, Mr. Saunders, and Mr. Walker on February 18, 2021. In the related settlement discussions, counsel for Eldor informed Plaintiff that based on time records in its possession, it contended its possible damages exposure to be less than $6,050.00. Plaintiff's contended exposure was at least twice that amount. Also, at the time of the offer, Eldor had also been informed that Plaintiffs had incurred approximately $26,000 in attorney's fees and costs.[1] In response, Eldor offered $13,000 in fees and costs. After continued discussions, the parties agreed to the following compromise figures, which total $25,000.

- David Broussard:         $5,007.45
- Jacob Walker:            $4,203.52
- Jamie Saunders:          $208.91
- Attorneys' fees and costs: $15,580.12

The terms of the parties' settlement follow on the next page.

---

[1] Those actual fees have since risen above $26,000.

{2822102-1, 118836-00004-01}2

## **TERMS OF SETTLEMENT**

The parties desire to make a full and final settlement of any and all claims, actions, causes of action, charges, judgments, or grievances associated with the payment of wages that Plaintiffs have or may have against Defendant, without trial and without any adjudication of any issue of law or fact, and without any admission with respect to any issues alleged. Defendant denies all claims and liability to any Plaintiff or to any other allegedly similarly situated individuals. This Settlement will not in any way be construed as an admission by Defendant of any unlawful or wrongful acts whatsoever.

In consideration of the mutual promises contained herein and for other good and valuable consideration, the parties' Settlement is as follows:

1. Settlement Amount of $25,000 is allocated as:

   | | |
   |---|---|
   | David Broussard: | $5,007.45 |
   | Jacob Walker: | $4,203.52 |
   | Jamie Saunders: | $208.91 |
   | Attorneys' fees and costs: | $15,580.12 |

2. **Parties.** For purposes of the terms of this Settlement, "Defendant" includes any and all parents, subsidiaries, affiliates, and related entities, and further including but not limited to any current or former employees, officers, directors, partners, successors, assigns, insurers. For purposes of this Settlement, "Plaintiffs" include Named Plaintiff David Broussard and any Opt-in Plaintiffs.

3. **Settlement Amount and Allocation.** The Defendant agrees to pay the "Settlement Amount" of Twenty-Five Thousand Dollars ($25,000.00) in full satisfaction of Plaintiffs' claims. Each Plaintiff will receive a sum of money that constitutes wages. Each Plaintiff will also receive a sum of money that does not constitute wages, but constitutes additional consideration for the remaining terms and conditions herein..

   a. The Settlement Amount shall be allocated as follows

    i. Defendant shall issue a check to each Plaintiff in an amount equal to one half of the settlement figure(s) listed above in satisfaction of alleged owed wages as a W-2 payment less all appropriate withholdings. Defendant will use the most recent tax documents on file to calculate such withholdings.

    ii. Defendant shall issue a check to each Plaintiff in an amount equal to one half of the settlement figure(s) listed above in satisfaction of any and all potential claims for liquidated damages or interest associated with allegations of unpaid overtime wages arising out of any relationship between each Plaintiff and Defendant predating the execution of this Settlement. Such payment will be characterized as a 1099 payment with no withholdings, for which Defendant shall issue Plaintiffs form 1099s with Box 3 marked.

    iii. Defendant shall issue a check or wire transfer to the law firm of Butler Curwood, PLC for $15,580.12 in satisfaction of Plaintiffs' claim for attorneys' fees.

b. The payments referenced in Section 1(a) shall be sent Butler Curwood, PLC no later than 21 days following the dismissal of this lawsuit. The checks will remain valid for deposit for a period of 90 days and should Plaintiffs require the reissue of any of these checks, Defendant shall so issue and may deduct any associated "Stop Payment" fees levied by its bank from the reissued check.

c. It is expressly understood that the receipt of any payment under this Settlement will not entitle any Plaintiff to additional compensation or benefits from

  Defendant. Any payment under this Settlement will not be considered for benefit plan credit or compensation programs (401k, insurance plans, etc.).

  d. Plaintiffs are solely responsible for any federal, state or other taxes that may be owed by them as a result of their respective non-wage settlement payments.

4. **Release.** Plaintiffs agree to forever waive and release Defendant from any claims made in this lawsuit and/or any liability for any FLSA claims any or all Plaintiffs could have asserted against Defendant for the alleged failure to pay for hours worked, overtime compensation, and any wages or compensation owed under federal, state, or local law.

5. **Limited to Collective.** Plaintiffs' releases and the terms of this Settlement are limited to their claims. The rights of individuals who were eligible to join this case but chose not to are unaffected by this settlement.

6. **No Admission of Liability.** Defendant denies all claims and liability to any Plaintiff or to any other allegedly similarly situated individuals or to anyone else. This Settlement will not in any way be construed as an admission by Defendant of any unlawful or wrongful acts whatsoever.

7. **Non-Disparagement.** The parties will refrain from disparaging each other in any form or fashion.

8. **Choice of Law and Venue.** This Settlement shall be governed by the laws of the Commonwealth of Virginia without regard to choice of law principles. The parties agree that any action to enforce this Settlement shall be brought in an appropriate Federal court located in Roanoke, Virginia, and specifically agree to jurisdiction of such court and venue in such court.

9. **Invalid Without Court Approval.** This Settlement is subject to approval by the United States District Court for the Western District of Virginia, Roanoke Division. In the event it is not approved by the Court, it will be deemed null and void, of no force and effect, and of no probative value

10. **Entire Agreement.** This Stipulation of Settlement sets forth the entire understanding and agreement between the parties and fully supersedes any prior understandings or agreements between the parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Settlement, except for those expressly set forth in this Settlement.

## Conclusion

Based on the foregoing, the parties respectfully submit that the stipulated judgment of the Consent Decree filed in this case is a reasonable, fair, and adequate result under *Lynn's Food* and request the settlement be approved and that the matter be dismissed with prejudice.

[Signature page to follow]

BY MY SIGNATURE BELOW, I REPRESENT THAT I UNDERSTAND THE TERMS OF THIS STIPULATION; I HAVE BEEN ASSISTED BY COUNSEL IN THE NEGOTIATION OF THIS STIPULATION; AND I ACCEPT AND AGREE TO ALL TERMS SET FORTH HEREIN:

| | |
|---|---|
| david broussard (Mar 31, 2021 20:31 EDT)<br>**David Broussard** | Mar 31, 2021<br>Date |
| Jamie Saunders (Mar 31, 2021 19:04 EDT)<br>**Jamie Saunders** | Mar 31, 2021<br>Date |
| Jacob Walker (Mar 31, 2021 18:36 EDT)<br>**Jacob Walker** | Mar 31, 2021<br>Date |
| **Eldor Automotive Powertrain USA**<br>**By its:** | 4.6.2021<br>Date |

Dated: April 13, 2021

Respectfully submitted,

/s/
By Counsel
Zev H. Antell (VSB No. 74634)
Butler Curwood, PLC
140 Virginia Street, Ste 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
zev@butlercurwood.com

Thomas E. Strelka (VSB # 75488)

/s/

Thomas M. Winn, Esq. (VSB No. 35758)
winn@woodsrogers.com
Leah M. Stiegler, Esq. (VSB No. 89602)
lstiegler@woodsrogers.com
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711

L. Leigh R. Strelka (VSB # 73355)
N. Winston West, IV (VSB # 92598)　　*Attorneys for Defendant Eldor*
Brittany M. Haddox (VSB # 86416)
Monica L. Mroz (VSB #65766)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 13th day of April, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

      Thomas M. Winn, Esq. (VSB No. 35758)
      winn@woodsrogers.com
      Leah M. Stiegler, Esq. (VSB No. 89602)
      lstiegler@woodsrogers.com
      WOODS ROGERS PLC
      10 South Jefferson Street, Suite 1400
      Roanoke, Virginia 24011
      Telephone: (540) 983-7600
      Facsimile: (540) 983-7711

      *Attorneys for Defendant Eldor*

            /s/ Zev H. Antell
      Zev H. Antell
      Butler Curwood, PLC
      140 Virginia Street, Suite 302
      Richmond, Virginia 23219
      Telephone: (804) 648-4848